UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDELL COLEMAN,<br>         Plaintiff,<br>    v.<br>PROPERTY OFFICER GARCIA,<br>         Defendant. | Case No. 24-cv-00002-DMR (PR)<br><br>**ORDER OF SERVICE** |

## I.   INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at Salinas Valley State Prison ("SVSP"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights by Defendant SVSP Property Officer Garcia. Dkt. 1 at 3.[1] Plaintiff seeks monetary and punitive damages. *Id.* Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate written Order. Dkt. 2.

This matter has been assigned to the undersigned Magistrate Judge. Dkt. 7.

Venue is proper in this judicial district because the events giving rise to Plaintiff's claims in his complaint are alleged to have occurred at SVSP, which is located in this district. *See* 28 U.S.C. § 1391(b).

## II.   DISCUSSION

### A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims

---

[1] Page number citations refer to those assigned by the court's electronic case management filing system and not those assigned by Plaintiff.

1  that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek
2  monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se*
3  pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th
4  Cir. 1988).

   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Retaliation Claim

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Liberally construed, Plaintiff's allegations that Defendant Garcia wrongfully confiscated his tablet in retaliation for Plaintiff filing grievances and complaints appear to state an arguable claim for damages under section 1983 against Defendant Garcia for First Amendment retaliation and will be ordered served on Defendant Garcia. *See id.*

### III. CONCLUSION

For the foregoing reasons, the court orders as follows:

1. Plaintiff's complaint states a cognizable claim of retaliation against Defendant Garcia.

2. The following Defendant(s) shall be served: **Property Officer Garcia at SVSP.**

Service on the listed Defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service pilot program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint, this order of service, the notice of assignment of prisoner case to a United States magistrate judge and accompanying

1    magistrate judge jurisdiction consent or declination to consent form, a CDCR Report of E-Service
2    Waiver form and a summons.

3    No later than **forty (40) days** after service of this order via email on CDCR, CDCR shall
4    provide the court a completed CDCR Report of E-Service Waiver advising the court which
5    Defendant(s) listed in this order will be waiving service of process without the need for service by
6    the United States Marshal Service ("USMS") and which Defendant(s) decline to waive service or
7    could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver
8    and of the notice of assignment of prisoner case to a magistrate judge and accompanying
9    magistrate judge jurisdiction consent or declination to consent form to the California Attorney
10   General's Office, which, within **twenty-one (21) days**, shall file with the court a waiver of service
11   of process for the Defendant(s) who are waiving service and, within **twenty-eight (28) days**
12   thereafter, shall file a magistrate judge jurisdiction consent or declination to consent form as to the
13   Defendant(s) who waived service.

14   Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each
15   Defendant who has not waived service according to the CDCR Report of E-Service Waiver a
16   USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 form and copies
17   of this order, summons, operative complaint and notice of assignment of prisoner case to a
18   magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent
19   form for service upon each defendant who has not waived service.  The clerk also shall provide to
20   the USMS a copy of the CDCR Report of E-Service Waiver.

21   The clerk shall also mail a copy of the operative complaint and a copy of this order to the
22   State Attorney General's Office in San Francisco.  Additionally, the clerk shall mail a copy of this
23   order to Plaintiff.

24   3.    Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires
25   Defendant to cooperate in saving unnecessary costs of service of the summons and complaint.  If
26   service is waived, this action will proceed as if Defendant had been served on the date that the
27   waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendant will not be required to
28   serve and file an answer before **sixty (60) days** from the date on which the CDCR provides a copy

1  of the CDCR Report of E-Service Waiver to the California Attorney General's Office.  (This
2  allows a longer time to respond than would be required if formal service of summons is
3  necessary.)  If Defendant has not waived service and has instead been served by the USMS, then
4  Defendant shall serve and file an answer within **twenty-one (21) days** after being served with the
5  summons and complaint.

6        4.      Defendant shall answer the complaint in accordance with the Federal Rules of Civil
7  Procedure.  The following briefing schedule shall govern dispositive motions in this action:

8        a.      No later than **sixty (60) days** from the date their answer is due, Defendant
9  shall file a motion for summary judgment or other dispositive motion.  The motion must be
10 supported by adequate factual documentation, must conform in all respects to Federal Rule of
11 Civil Procedure 56, and must include as exhibits all records and incident reports stemming from
12 the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[2] notice
13 so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to
14 oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out
15 in *Rand* must be served concurrently with motion for summary judgment).  A motion to dismiss
16 for failure to exhaust available administrative remedies must be accompanied by a similar notice.
17 However, the court notes that under the new law of the circuit, in the rare event that a failure to
18 exhaust is clear on the face of the complaint, Defendant may move for dismissal under Rule
19 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.
20 *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108,
21 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under
22 the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an
23 unenumerated Rule 12(b) motion).  Otherwise if a failure to exhaust is not clear on the face of the
24 complaint, Defendant must produce evidence proving failure to exhaust in a motion for summary
25 judgment under Rule 56.  *Id.*  If undisputed evidence viewed in the light most favorable to
26 Plaintiff shows a failure to exhaust, Defendant is entitled to summary judgment under Rule 56.  *Id.*

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

4

1     But if material facts are disputed, summary judgment should be denied and the district judge

2     rather than a jury should determine the facts in a preliminary proceeding.  *Id.* at 1168.

3           If Defendant is of the opinion that this case cannot be resolved by summary judgment,

4     Defendant shall so inform the court prior to the date the summary judgment motion is due.  All

5     papers filed with the court shall be promptly served on Plaintiff.

6           b.      Plaintiff's opposition to the dispositive motion shall be filed with the court

7     and served on Defendant no later than **twenty-eight (28) days** after the date on which Defendant's

8     motion is filed.

9           c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of

10    the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you

11    must do in order to oppose a motion for summary judgment.  Generally, summary judgment must

12    be granted when there is no genuine issue of material fact—that is, if there is no real dispute about

13    any fact that would affect the result of your case, the party who asked for summary judgment is

14    entitled to judgment as a matter of law, which will end your case.  When a party you are suing

15    makes a motion for summary judgment that is properly supported by declarations (or other sworn

16    testimony), you cannot simply rely on what your complaint says.  Instead, you must set out

17    specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

18    as provided in Rule 56(c), that contradicts the facts shown in the defendant's declarations and

19    documents and show that there is a genuine issue of material fact for trial.  If you do not submit

20    your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

21    If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154

22    F.3d at 962-63.

23          Plaintiff also is advised that—in the rare event that Defendant argues that the failure to

24    exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available

25    administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without

26    prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did

27    exhaust your available administrative remedies before coming to federal court.  Such evidence

28    may include: (1) declarations, which are statements signed under penalty of perjury by you or

others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.  As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendant's obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  *Woods*, 684 F.3d at 935.)

       d.     Defendant shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

       e.     The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

5.     Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

6.     All communications by Plaintiff with the court must be served on Defendant or Defendant's counsel, once counsel has been designated, by mailing a true copy of the document to them.

7.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the *pro*

6

*se* party indicating a current address.  *See* L.R. 3-11(b).

8. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated:  June 26, 2024

_____
DONNA M. RYU
Chief Magistrate Judge